IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CIVIL ACTION NO: 4:17-cv-2487

AUGUST SIMPSON, JAMARIO BELL,
BENNIE MCKENZIE, IJENEA WOOLEY,
ANTHONY CABRERA, KELVIN LONG,
CHARLESTON SINGLETARY, GERALD GARDNER,
AND ARKESCH MORGAN

    Plaintiffs,

vs.

BOZE ENTERPRISES II, LLC,

    Defendant.

_____/

## COMPLAINT
*[Jury Trial Demanded]*

Plaintiffs, AUGUST SIMPSON, JAMARIO BELL, BENNIE MCKENZIE, IJENEA WOOLEY, ANTHONY CABRERA, KELVIN LONG, CHARLESTON SINGLETARY, GERALD GARDNER, and ARKESCH MORGAN for their Complaint against Defendant, BOZE ENTERPRISES II, LLC state and allege the following:

### SUMMARY

1. BOZE ENTERPRISES II, LLC, (hereinafter "Defendant") required and/or permitted AUGUST SIMPSON, JAMARIO BELL, BENNIE MCKENZIE, IJENEA WOOLEY, ANTHONY CABRERA, KELVIN LONG, CHARLESTON SINGLETARY, GERALD GARDNER, and ARKESCH MORGAN (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate them their proper overtime compensation for all

hours worked.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiffs are FLSA non-exempt worker(s) who have denied overtime pay required by law, for which Plaintiffs now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district because Defendant engages in business and maintains its principal place of business here.

## THE PARTIES

6. Defendant BOZE ENTERPRISES II, LLC is a domestic limited liability company with its principle place of business in the county where this Court is situated.

7. Plaintiffs are residents of Texas.

## COVERAGE

8. Defendant, BOZE ENTERPRISES II, LLC is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant, BOZE ENTERPRISES II, LLC acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

10. Accordingly, Defendant, BOZE ENTERPRISES II, LLC is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant, BOZE ENTERPRISES II, LLC has had, and continues to have, an

annual gross income of sales made or business done of not less than $500,000.

12. In furtherance of Defendant's business, Defendant, BOZE ENTERPRISES II, LLC's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

13. At all times material hereto, in furtherance of Defendants' operations Plaintiffs individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities of interstate commerce, including, but not limited to, vehicles, porta-potties, and equipment that were manufactured in other states.

### FACTUAL ALLEGATIONS

14. Defendant engaged in the business of collecting, hauling, and transporting solid and industrial waste services from industrial sites for its customers.

15. Plaintiff AUGUST SIMPSON began working for Defendant on or about April 27, 2016 as an hourly service technician and is still employed by Defendant. Plaintiff approximates that he worked an average of 70 hours per week with Defendant.

16. Plaintiff JAMARIO BELL began working for Defendant on or about February 9, 2015 as an hourly service technician and continued employment with Defendant until about March 25, 2017. Plaintiff approximates that he worked an average of 60 hours per week with Defendant.

17. Plaintiff BENNIE MCKENZIE began working for Defendant on or about August 2, 2016 as an hourly service technician and is still employed by Defendant. Plaintiff approximates that he worked an average of 80 hours per week with Defendant.

18. Plaintiff IJENEA WOOLEY began working for Defendant on or about November 1, 2016 as an hourly service technician and continued employment with Defendant

until about February 15, 2017. Plaintiff approximates that he worked an average of 65 hours per week with Defendant.

19. Plaintiff ANTHONY CABRERA began working for Defendant on or about December 20, 2015 as an hourly service technician and continued employment with Defendant until about October 27, 2016. Plaintiff approximates that he worked an average of 80 hours per week with Defendant.

20. Plaintiff KELVIN LONG began working for Defendant on or about January 16, 2016 as an hourly service technician and continued employment with Defendant until about December 31, 2016. Plaintiff approximates that he worked an average of 75 hours per week with Defendant.

21. Plaintiff CHARLESTON SINGLETARY began working for Defendant on or about June 1, 2011 as an hourly service technician and continued employment with Defendant until about June 16, 2016. Plaintiff approximates that he worked an average of 50 hours per week with Defendant.

22. Plaintiff GERALD GARDNER began working for Defendant on or about July 1, 2016 as an hourly service technician and continued employment with Defendant until about January 1, 2017. Plaintiff approximates that he worked an average of 70 hours per week with Defendant.

23. Plaintiff ARKESCH MORGAN began working for Defendant on or about January 7, 2014 as an hourly service technician and continued employment with Defendant until about January 6, 2017. Plaintiff approximates that he worked an average of 70 hours per week with Defendant.

24. Defendant compensated Plaintiffs their hourly wage for every hour worked,

regardless of the number of hours worked. Defendant failed to compensate Plaintiffs their extra "and a half" portion of their overtime premiums for all hours worked in excess of 40 per workweek.

25.     By way of example, for the November 19, 2015 pay period, Plaintiff Anthony Cabrera worked 86.5 hours but was only compensated $14.00 for all 86.5 of those hours. Defendant still owes Plaintiff Cabrera an additional $325.50[1] for the 46.5 overtime hours he worked.

## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (OVERTIME)

26.     Plaintiffs incorporate all allegations contained in the preceding paragraphs.

27.     At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

28.     Defendant's failure to pay overtime compensation to Plaintiffs violates the FLSA.

29.     Plaintiffs are not exempt from the right to receive the appropriate overtime pay under the FLSA.

30.     As a result of Defendant's failure to compensate its employees, including Plaintiff(s), Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

31.     Accordingly, Plaintiffs are entitled to complete compensation for hours worked.

32.     Additionally, Plaintiffs are entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as

---

[1] $7.00 per hour x 46.5 hours

provided by 29 U.S.C. § 216(b).

33. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

34. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

35. Plaintiffs are entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

36. WHEREFORE, Plaintiffs demand judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## PRAYER

WHEREFORE, Plaintiffs respectfully request judgment be entered against Defendant for the following:

a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rate;

b. an equal amount as liquidated damages as allowed under the FLSA;

c. damages accrued up to three years;

d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

e. pre-judgment and post judgment interest at the highest rates allowed by law; and

f. such other relief as to which Plaintiff(s) may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
S.D. Tex. Bar No. 2656541
George Z. Goldberg
S.D. Tex. Bar No. 2659719
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*